UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Joseph Varvaro,

                              Plaintiff,               **COMPLAINT**

                -against-

                                      **JURY TRIAL DEMANDED**

GNS SERVICE PRO d/b/a USA SERVICE STATION AND
SOKOL "GENE" MJESHTRI,

                              Defendants.
----------------------------------------------------------------X

## NATURE OF ACTION

1. Plaintiff brings this action to recover unpaid overtime wages, lost wages, liquidated damages, compensatory and punitive damages, an Order requiring the return of Plaintiff's work tools, reasonable attorney fees and costs from the Defendants, for whom the Plaintiff performed work. The Defendants employed Plaintiff as an auto mechanic from December 12, 2016 through May 31, 2018. The Defendants paid Plaintiff a fixed cash salary for all hours worked and no overtime premium even though Plaintiff worked more than 60 hours each workweek. Plaintiff complained about the non-payment of overtime to Defendants, and in retaliation, ended his employment and have withheld his work tools, depriving Plaintiff from securing alternative employment.

## JURISDICTION AND VENUE

2. This action arises under 29 U.S.C §201 et. seq., (the "Fair Labor Standards Act" or "FLSA").

3. This Court has jurisdiction under 28 U.S.C. §1331 and 29 U.S.C. § 216.

4. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Southern District of New York under 28 U.S.C. §1391 because the Defendants conduct business there and the cause of action arose there.

## THE PARTIES

6. Plaintiff Joseph Varvaro ("Joseph" or "Plaintiff") resides in White Plains, New York.

7. Upon information and belief, Defendant GNS SERVICE PRO D/B/A USA SERVICE STATION ("Corporate Defendant") is a corporation formed in the State of New York and is located at 578 Mamaroneck Ave., White Plains, N.Y 10605.

8. Upon information and belief, Defendant SOKOL "GENE" MJESHTRI ("Gene") owns all or part of Corporate Defendant.

1

## BACKGROUND FACTS

9. Corporate Defendant is an "employer" under the FLSA.

10. Corporate Defendant is an "employer" under the NYLL.

11. Corporate Defendant is a gas station and automobile repair shop.

12. Upon information and belief, Corporate Defendant is owned, in whole or in part, by Gene.

13. During any period of time whatsoever between December 2016 through May 31, 2018, Corporate Defendant had the ability to perform one or more of the following actions: (1) hire certain employees of Corporate Defendant, (2) terminate the employment of certain employees of Corporate Defendant, (3) set the wage rates of certain employees of Corporate Defendant, (4) maintain payroll records for certain employees of Corporate Defendant, or (5) institute work rules for certain employees of Corporate Defendant.

14. During any period of time whatsoever between December 2016 through May 31, 2018, Defendant Gene had the ability to perform one or more of the following actions: (1) hire certain employees of Corporate Defendant, (2) terminate the employment of certain employees of Corporate Defendant, (3) set the wage rates of certain employees of Corporate Defendant, (4) maintain payroll records for certain employees of Corporate Defendant, or (5) institute work rules for certain employees of Corporate Defendant.

15. Corporate Defendant is involved in an industry affecting commerce within the meaning of the FLSA.

16. On information and belief, Corporate Defendant's annual revenues exceed $500,000 for the year 2018.

17. On information and belief, Corporate Defendant's annual revenues exceed $500,000 for the year 2017.

18. On information and belief, Corporate Defendant's annual revenues exceed $500,000 for the year 2016.

19. Corporate Defendant employs at least two employees who regularly engage in interstate commerce.

20. On information and belief, Corporate Defendant employs an individual that regularly and customarily uses the interstate telecommunications network to process credit card transactions with firms outside the state of New York.

21. On information and belief, Corporate Defendant purchases goods from locations manufactured outside the State of New York and utilizes such products within the State of New York.

22. The business activities of the Corporate Defendant are related and performed through unified operation or common control for a common business purpose and constitutes an enterprise within the meaning of the FLSA.

23. The Corporate Defendant engages in a combination of different activities in the course of its business operation, including but not limited to: (1) purchasing and reselling gasoline and automotive products, (2) advertising, (3) bookkeeping, (4) managing employees, (5) marketing and selling, and (6) providing automotive repair services to its customers. (the "Related Activities").

24. The Corporate Defendant has an organizational structure whereby there is an individual, or group of individuals, who control the Related Activities.

25. Corporate Defendant failed to keep accurate and sufficient payroll and time records, as required by law.

26. Corporate Defendant did not use a punch card time keeping system between December 1, 2016 through May 31, 2018 to record Plaintiff's work hours.

27. Corporate Defendant did not use a handwritten time keeping system December 1, 2016 through May 31, 2018 to record Plaintiff's work hours.

28. Corporate Defendant did not maintain sufficient payroll and time records to determine the weekly pay and hours worked by the Plaintiff.

**PLAINTIFF JOE VARVARO:**

29. Plaintiff started working for Corporate Defendant in or around December 12, 2016.

30. Plaintiff performed work for Corporate Defendant during the 2018 calendar year.

31. Plaintiff performed work for Corporate Defendant during the 2017 calendar year.

32. Plaintiff performed work for Corporate Defendant during the 2016 calendar year.

33. Plaintiff stopped working for Corporate Defendant on May 31, 2018.

34. Defendants fired Plaintiff.

35. Plaintiff did not voluntarily resign his employment with Defendants.

36. Corporate Defendant employed Plaintiff to work as an automobile mechanic.

37. Corporate Defendant paid Plaintiff a weekly salary.

38. Corporate Defendant always paid Plaintiff in cash.

39. Corporate Defendant paid Plaintiff $600 each workweek.

40. As an auto-mechanic, Plaintiff would repair cars.

41. During each work week, Plaintiff worked Monday to Saturday.

42. Each work week, Plaintiff started each workday at 8:00 am.

43. On average, each workweek Plaintiff would end his workday at 6:00 pm, Monday

through Friday.

44. On average, each workweek Plaintiff would end his workday at 4:00 pm on Saturday.

45. Each workweek, Plaintiff worked approximately 63 hours for Corporate Defendant.

46. On scheduled workdays, Plaintiff worked more than 10 hours in a single day for Corporate Defendant.

47. Corporate Defendant did not pay Plaintiff one additional hour of pay at the basic minimum hourly wage rate on days in which Plaintiff worked in excess of 10 hours.

48. Corporate Defendant never paid Plaintiff an overtime premium for all hours worked over 40 in a workweek.

49. Corporate Defendant was aware that Plaintiff worked more than 40 hours during certain workweeks.

50. Corporate Defendant required that Plaintiff work more than 40 hours during certain workweeks.

51. During any period of time whatsoever, Plaintiff never had the ability to perform one or more of the following actions: (1) hire certain employees of Corporate Defendant, (2) terminate the employment of certain employees of Corporate Defendant, (3) set the wage rates of certain employees of Corporate Defendant, (4) maintain payroll records for certain employees of Corporate Defendant, or (5) institute work rules for certain employees of Corporate Defendant.

52. On multiple occasions, Plaintiff complained to Gene that he was being improperly paid off the books and not being paid overtime.

53. Gene never addressed Plaintiff's complaints about improper pay practices.

54. On or around May 29, 2018, Plaintiff was working for Corporate Defendant and a piece of metal went into Plaintiff's eye.

55. On the Morning of May 30, 2018, Plaintiff had to go to the hospital to address his eye injury. He contacted Gene in the morning and informed him that he would not be reporting to work on time. Plaintiff went to the hospital and was diagnosed with foreign material in his eye.

56. On May 31, 2018, Plaintiff reported to work. Upon arrival, Gene told Joseph that Gene wanted a doctor's note. Plaintiff told him that he would get the note in a few days when he went back for further treatment, and informed Gene that the eye injury occurred at work. Upon hearing that Joseph sustained a workplace injury, Gene fired Plaintiff.

57. On information and belief, Gene fired Joseph because Joseph consistently complained of overtime and labor law violations, and summarily terminated Joseph when Gene learned that Joseph might expose the Defendant's unlawful labor practices. Ultimately, Joseph's complaints about the non-payment of overtime was a motivating factor in Gene firing Joseph.

58. After Defendants fired Plaintiff, they unlawfully withheld Plaintiff's tools, which are worth tens of thousands of dollars. As an auto mechanic, Plaintiff had his own tool set that he kept at work. Without the tools, Plaintiff is unable to secure future work because auto mechanics must be able to provide their own tools to work in a garage.

59. After his termination, Plaintiff requested that his tools be returned and informed Gene that he would be suing for unpaid overtime wages. Joseph also told Gene that it was unlawful for him to withhold his tools. However, Gene would not return the tools.

60. On information and belief, Defendants are withholding Plaintiff's tools in furtherance of their retaliatory conduct and by such conduct it constitutes unlawful post-employment retaliation.

### FIRST CAUSE OF ACTION
### (Failure to pay overtime)
### (Federal)

61. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

62. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations, apply to Defendants and protect the Plaintiff.

63. Defendants failed to pay Plaintiff overtime wages to which Plaintiff was entitled under the FLSA and the supporting Federal Regulations.

64. Because of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

65. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff, the FLSA Class and the New York Class.

66. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### SECOND CAUSE OF ACTION
### (Failure to pay overtime)
### (NY STATE)

67. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

68. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect the Plaintiff.

69. Defendants failed to pay Plaintiff overtime wages to which Plaintiff was entitled under the NYLL and the supporting New York State Department of Labor Regulations.

70. By Defendants' knowing or intentional failure to pay overtime wages for hours worked over 40 hours per workweek, they have willfully violated NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

71. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest from the Defendants.

### **THIRD CAUSE OF ACTION**
### **(Failure to pay wages)**
### **NY Lab. Law §191**

72. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

73. Under NYLL §191, an employer is required to pay an employee within one week of the services performed by the employee.

74. Defendants failed to pay Plaintiff his wages as required by NYLL §191 by not paying wages within the statutory time-period.

75. Because of Defendants' unlawful withholding of wages, Plaintiff suffered harm.

### **FOURTH CAUSE OF ACTION**
### **(Failure to provide wage notices)**

76. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

77. Pursuant to the Wage Theft Prevention Act, New York Labor Law, §195, Defendants willfully failed to furnish Plaintiff with a required notice containing the following information:

    i. the rates or rates of pay and basis thereof,

    ii. whether paid by the hour, shift, day, week, salary, piece, commission or other allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;

    iii. the regular pay designated by the employer in accordance with NYLL §191;

    iv. the name of the employer;

    v. Any "doing business as" names used by the employer;

      vi. The physical address of the employer's main office or principal place of business, and a mailing address, if different;

      vii. The telephone number of the employer

78. Defendants willfully failed to furnish Plaintiff with an accurate statement of wages as required by NYLL §195(3), containing the dates of work covered by that payment of wages; name of the employee; name of the employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by hour, shift, day, week, salary, piece, commission, or other; gross wages; hour rate or rates of pay, and overtime rates of pay; the number of hours worked, including over time hours; deductions, allowances, and net wages.

79. Due to Defendants' violation of NYLL §195(1), Plaintiff is entitled to recover from Defendants liquidated damages of $50 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-b).

80. Defendants failed to provide Plaintiff with a paystub with each payment of wages that set forth Plaintiff's hours worked, rates of pay, gross wages, credits claimed (for tips, meals and lodging) if any, deductions and net wages.

81. Due to Defendants' violation of NYLL §195(3), Plaintiff, is entitled to recover from Defendants liquidated damages of $250 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-d).

### FIFTH CAUSE OF ACTION
### (RETALIATION)
### Federal

82. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

83. The anti-retaliation protections of 29 U.S.C §215 and its supporting regulations apply to Defendants and protect the Plaintiff.

84. Defendants retaliated against the Plaintiff when they fired Plaintiff because Plaintiff complained to about unlawful pay practices.

85. By Defendants' termination of Plaintiff's employment for complaining about unlawful pay practices, the Defendants violated 29 U.S.C §215, and the supporting United State Department of Labor Regulations.

86. Due to Defendants' violations of the NY Lab. Law §215, Plaintiff is entitled to recover lost wages, liquidated damages, reasonable attorney fees and costs of the action, pre-judgment and post-judgment interest and statutory damages from the Defendants.

### SIXTH CAUSE OF ACTION
### (RETALIATION)
### State

87. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

88. The anti-retaliation protections of NY Lab. Law §215 and its supporting regulations apply to Defendants and protect the Plaintiff.

89. Defendants retaliated against the Plaintiff when they fired Plaintiff because Plaintiff complained about unlawful pay practices.

90. By Defendants' termination of the Plaintiff for complaining about unlawful pay practices, the Defendants violated NY Lab. Law §215, and the supporting New York State Department of Labor Regulations.

91. Due to Defendants' violations of the NY Lab. Law §215, Plaintiff is entitled to recover lost wages, liquidated damages, reasonable attorney fees, the costs of the action, pre-judgment and post-judgment interest and statutory damages from the Defendants.

92. The NY Attorney General Office was notified of this lawsuit.

## SEVENTH CAUSE OF ACTION
### (Conversion)
### State

93. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

94. Since May 31, 2018, Defendants have maintained unlawful possession of Plaintiff's work tools and is refusing to return them.

95. The work tools in question lawfully belong to Plaintiff, who purchased all of the tools.

96. The Defendants have intentionally and improperly withheld Plaintiff's work tools despite the fact that Plaintiff demanded the return of his tools and notified the Defendants that they were breaking the law.

97. By Defendants unlawfully maintaining possession of Plaintiff's tools, Plaintiff has been deprived of his ability to secure new employment in his trade of choice, suffering a loss of income, and other damages.

## EIGTH CAUSE OF ACTION
### (Trespass to chattel)
### State

98. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

99. Since May 31, 2018, Defendants have maintained unlawful possession of Plaintiff's work tools and is refusing to return them.

100. The work tools in question lawfully belong to Plaintiff, who purchased all of the tools.

101. The Defendants have intentionally and improperly withheld Plaintiff's work tools despite the fact that Plaintiff demanded the return of his tools and notified the Defendants that they were breaking the law.

102. By Defendants unlawfully maintaining possession of Plaintiff's tools, Plaintiff has been deprived of his ability to secure new employment in his trade of choice, suffering a loss of income, and other damages.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff seeks the following relief:

A. Unpaid wages, and an additional and equal amount as liquidated damages pursuant to the 29 U.S.C §210 et. seq. and the supporting United States Department of Labor regulations;

B. Unpaid wages pursuant to NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages pursuant to NYLL § 663;

C. Unpaid wages pursuant to NYLL §191 and an additional and equal amount as liquidated damages pursuant to the NYLL.

D. Lost wages stemming from Plaintiff's unlawful retaliatory discharge pursuant to NYLL §215;

E. Lost wages stemming from Plaintiff's unlawful retaliatory discharge pursuant to 29 U.S.C §215;

F. Statutory damages equal to $50 for each workday up to a maximum of $5,000 for each workday Plaintiff was not provide a wage notice pursuant to NYLL §198(1-b);

G. Statutory damages equal to $250 for each workday up to a maximum of $5,000 for each workday Plaintiff was not provide a statement of wages pursuant to NYLL §198(1-d);

H. Pre-judgment interest and post-judgment interest;

I. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL Art. 6, §§ 190 *et seq.,* NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations;

J. An Order directing the Defendants to return to Plaintiff all of his work tools;

K.     Compensatory and punitive damages in an amount to be determined by a trier of fact.

L.     Reasonable attorney fees and costs of the action;

M.     Such other relief as this Court shall deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Fed. R. Civ. P., Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated:   White Plains, New York
         July 10, 2018

EL-HAG & ASSOCIATES, P.C

_____

Jordan El-Hag, Esq.
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 755-1579 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com
www.elhaglaw.com